# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

**SUM-100**

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OLLY PUBLIC BENEFIT CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHERI TARVIN, individually and on behalf of all others similarly situated and the general public

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 4:31 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk - Unlimited Civil<br><br>111 North Hill Street Los Angeles, CA 90012 | *(Número del Caso):*  24STCV15715<br><br>24STCV15715 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald A. Marron: Law Offices of Ronald A. Marron, 651 Arroyo Drive San Diego, CA 92103, (619) 696-9006

| DATE:<br>*(Fecha)*  06/24/2024 | Clerk, by<br>David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* | E. Davis | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Olly Public Benefit Corporation**

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* **6/25/2024**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:   (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/24/2024 12:16 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| SHERI TARVIN, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>OLLY PUBLIC BENEFIT CORPORATION,<br><br>Defendant. | Case No:  24STCV15715<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF**<br><br>1.  **California's Unfair Competition Law**<br>2.  **California's False Advertising Law**<br>3.  **California's Consumers Legal Remedies Act**<br>4.  **Breach of Express Warranty**<br>5.  **Breach of Implied Warranty**<br>6.  **Negligent Misrepresentation**<br>7.  **Intentional Misrepresentation**<br>8.  **Unjust Enrichment/Quasi Contract**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sheri Tarvin ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendant Olly Public Benefit Corporation ("Defendant") and, upon information and belief and investigation of counsel, alleges as follows:

## I.    INTRODUCTION

1.    Defendant makes, distributes, sells, and markets a wide variety of dietary supplements under the brand name Olly. The products at issue include the following, in any size, count, or variation:

- Sleep Extra Strength Melatonin 5 mg
- Sleep Ultra Strength Melatonin 10 mg
- Sleep Maximum Strength Melatonin 10 mg
- Probiotic Extra Strength 6 Billion Probiotics
- Probiotic Immune & Digestive Health One Billion Live Cultures – Berry
- Probiotic Immune & Digestive Health One Billion Live Cultures – Mango
- Multi + Probiotic 1 Billion Probiotics
- Daily Energy Extra Strength B12 1000 mcg
- Elderberry Extra Strength 450 mg

(collectively referred to as the "Products" or "Olly Products").

2.    Defendant deceptively labels the Products by misrepresenting the dosage amount. Specifically, the front labels of the Olly Products prominently advertise a certain dosage amount, for example, "Extra Strength Melatonin 5 mg." The front labels also advertise the number of gummies or softgels included in each Product, for example, 50 gummies. Reasonable consumers are led to believe that each unit of the Product contains the advertised dosage amount, for example, 5 mg of melatonin in each gummy.

3.    The truth, however, is that each unit does not contain the advertised dosage amount. Instead, each gummy or softgel unit contains only a fraction of the advertised dosage and consumers must ingest two or more gummies or softgels to achieve the advertised dosage. As a result, consumers grossly overpay for the Products, receiving only half of the advertised value

1

1    while paying the full purchase price.

2        4.      Plaintiff read and relied upon Defendant's advertising when purchasing the Olly

3    Extra Strength Daily Energy, Extra Strength Probiotic, and Extra Strength Elderberry products,

4    and was damaged as a result.

5        5.      Plaintiff brings this action on behalf of herself and all other similarly situated

6    consumers in the United States, alleging violations of the California Consumer Legal Remedies

7    Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code

8    §§ 17200 *et seq.* ("UCL"), and False Advertising Law, §§ 17500 *et seq.* ("FAL"). Plaintiff brings

9    further causes of action for breach of express and implied warranties, negligent misrepresentation,

10   intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

11       6.      Plaintiff seeks an order compelling Defendant to (a) cease marketing the Products

12   using the misleading and unlawful tactics complained of herein, (b) destroy all misleading

13   deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the

14   amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive

15   damages, as allowed by law.

16                      **II.    JURISDICTION AND VENUE**

17       7.      This Court has both general and specific personal jurisdiction over Defendant as

18   Defendant has affirmatively established and maintained contacts with the State of California.

19       8.      The court has personal jurisdiction over Defendant because Defendant maintains

20   its principal place of business in California, is registered to do business in California as entity

21   number 3631700, and is therefore subject to general jurisdiction in California. This Court further

22   has specific personal jurisdiction arising from Defendant's deceptive business practice of selling

23   supplements with misrepresented dosage information within the state of California.

24       9.      Venue is proper in this Court pursuant to California Civil Code § 1780(d) because

25   Defendant conducts business in the County of Los Angeles and a substantial part of the conduct

26   giving rise to Plaintiff's claims occurred in this county. Defendant's business practices and

27   wrongful acts have occurred and continue to occur in this county, and the adverse effects of

28   Defendant's alleged wrongful conduct have harmed and will continue to harm the residents of this

county and the rest of the State of California.

### III.    PARTIES

10.    Defendant Olly Public Benefit Corporation is a Delaware corporation with a principal place of business located at 1169 Gorgas Avenue, Suite A, San Francisco, California 94129. Defendant makes, labels, distributes, sells, and markets Olly branded products throughout the United States and in California. Defendant is responsible for making, labelling, distributing, selling, and marketing the Products throughout the applicable statute of limitations period.

11.    Plaintiff Sheri Tarvin ("Plaintiff") is a resident of California and purchased the Extra Strength Daily Energy, Extra Strength Probiotic, and Extra Strength Elderberry products several times throughout the class period, beginning on or around January 2023. Plaintiff's most recent purchase was in March 2024 from a CVS store located at 3741 Crenshaw Blvd, Los Angeles, CA 90016. Plaintiff saw the misrepresentations made on the Product labels prior to and at the time of purchase and understood them as representations and warranties that each unit of the product contained the advertised dosage amount. Plaintiff relied on the representations made on the Product labels in deciding to purchase the Products. These representations and warranties were part of her basis of the bargain, in that she would not have purchased the Products, or would only have been willing to purchase the Products at a lower price, had she known the representations were false. Plaintiff would consider purchasing the Products again if the advertising statements made on the Product labels were, in fact, truthful and represented in a manner as not to deceive consumers.

### IV.    NATURE OF THE ACTION

12.    Defendant sells the following Olly branded products (the "Products") with misleading dosage representations on the Product labels:

- **Sleep Extra Strength Melatonin 5 mg** – Two (2) gummies are required to achieve the advertised dosage of 5 mg.
- **Sleep Ultra Strength Melatonin 10 mg** – Two (2) softgels are required to achieve the advertised dosage of 10 mg.
- **Sleep Maximum Strength Melatonin 10 mg** – Two (2) gummies are required to

3

achieve the advertised dosage of 10 mg.

- **Probiotic Extra Strength 6 billion Probiotics** – Two (2) gummies are required to achieve the advertised dosage of 6 billion CFUs.

- **Probiotic Immune & Digestive Health One Billion Live Cultures – Berry** – Two (2) gummies are required to achieve the advertised dosage of 1 billion CFUs.

- **Probiotic Immune & Digestive Health One Billion Live Cultures – Mango** – Two (2) gummies are required to achieve the advertised dosage of 1 billion CFUs.

- **Multi + Probiotic 1 Billion Probiotics** – Two (2) gummies are required to achieve the advertised dosage of 1 billion CFUs.

- **Daily Energy Extra Strength B12 1000 mcg** – Two (2) gummies are required to achieve the advertised dosage of 1000 mcg.

- **Elderberry Extra Strength 450 mg** - Two (2) gummies are required to achieve the advertised dosage of 450 mg.

13.    True and correct copies of the Olly Product labels, taken from brick-and-mortar stores and/or from Defendant's website, olly.com, are shown below:

### Sleep Extra Strength Melatonin 5 mg





4

1

### Sleep Ultra Strength Melatonin 10 mg

2

3

4



5

6

7

8



9

10

11

12

13

14

15

16

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //





*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

## Sleep Maximum Strength Melatonin 10 mg

 

## Probiotic Extra Strength 6 billion Probiotics

 

6

**Probiotic Immune & Digestive Health One Billion Live Cultures – Berry**



**Probiotic Immune & Digestive Health One Billion Live Cultures – Mango**



7

## Multi + Probiotic One Billion Probiotics



## Daily Energy Extra Strength B12 1000 mcg



8

**Elderberry Extra Strength 450 mg**




14.    Defendant's dosing representations are prominently and conspicuously displayed to grab the consumer's attention.

15.    Contrary to the prominently advertised dosage amount on each of the Products' labels, each softgel or gummy contains only a fraction of the advertised dosage amount. For example, a consumer must ingest two (2) gummies of the Olly Extra Strength Sleep Product to achieve the advertised dosage of 5 mg melatonin. This leads consumers to overpay for the Products by a significant margin.

16.    Defendant's advertising misleads reasonable consumers into believing that each softgel or gummy unit contains the advertised dosage of nutrients. However, contrary to the labeling, each unit only contains a fraction of the advertised nutrients. Consequently, reasonable consumers believe that they are receiving two times the amount of nutrients per Product than what they are actually receiving. As a result, Defendant has charged consumers a premium for the Products, while cutting costs and reaping the financial benefits of selling dietary supplements with less than the advertised dosage of nutrients in each Product.

9

17.    The label misrepresentations are material to reasonable consumers, including Plaintiff. The dosage representations and unit representations (number of gummies or softgels) convey the type and amount of nutrients provided by the Products, and the primary purpose of the Products is to provide the amount of nutrients advertised by the Product labels. Accordingly, reasonable consumers are likely to be deceived by the Products' labels.

## DEMAND FOR DIETARY SUPPLEMENTS AND THE COMPETITIVE MARKET

18.    Over the past 20 years, there has been a significant increase in the prevalence of supplement use. The dietary supplement market has been growing in terms of sales and products available on the market. Consumers are being presented a large number of products, brands, and formulations, distributed through a wide variety of marketing channels. The value of the global dietary supplements market was estimated to be worth nearly USD 152 billion in 2021, and is expected to be worth USD 300 billion by 2028.[1]

19.    In response to consumers' desire for dietary supplements, many companies, like Defendant, have scrambled to manufacture, market, and sell purportedly high dosages or more nutrients, at the same or lower costs, in an effort to gain market share and outsell competitors. Unfortunately, rather than creating the actual high dosage dietary supplements with more nutrients that consumers desire, Defendant makes products with lower dosages and less nutrients than is advertised on the Products' packaging and front labels, and then markets them to consumers through deceptive labeling and packaging claims. In doing so, Defendant misleads consumers into believing that the Products contain higher dosages or more nutrients in each softgel or gummy than what is actually contained therein.

20.    In contrast to how Defendant labels its Products, Defendant's competitors correctly label and sell their products to show the correct dosage information on the products' front labels. Defendant's competitors do this in one of two ways. First, Defendant's competitors specify on the front label the true amount of nutrients in each gummy or softgel unit. For example, NatureMade's Extra Strength melatonin product contains exactly what it says: melatonin tablets each containing

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC10421343/

10

1  5 mg of melatonin.

2  **NatureMade Extra Strength Melatonin Gummies 5 mg[2]**



15  21.  Second, Defendant's competitors specify accurate serving size information on the

16  front label; that is, whether more than one gummy or softgel is necessary to obtain the advertised

17  amount of nutrients in a single serving. For example, GNC's melatonin product specifies on the

18  front label that the product contains 5 mg of melatonin "per 2 gummies."

19  //

20  //

21  //

22  //

23  //

24  //

25  //

[2] https://www.naturemade.com/products/5mg-melatonin-gummies?variant=40647844626571

11

**GNC Melatonin[3]**



22.    Similarly, Nature's Bounty Sleep Gummies product specifies that the product contains 10 mg of melatonin "per serving."

//

---

[3]https://www.gnc.com/melatonin/571109.html?ogmap=SHP%7CNBR%7CGOOG%7CSTND%7Cc%7CSITEWIDE%7CCORE6%7C%7Bcampaign_name%7D%7C%7Badgroup%7D%7C%7C20493797647%7C&gad_source=1&gclid=Cj0KCQjw0_WyBhDMARIsAL1Vz8uVfoSNo23glLzepg_UzYy-YmLuh-vEXyMT3qtOVJELg5AJX-zS4fAaAoSsEALw_wcB&gclsrc=aw.ds

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

1

## Nature's Bounty Sleep Gummies[4]

2

3

4



5

6

7

8

9

10

11

12

13

14



15

16    23.    By falsely, misleadingly, and deceptively labeling and advertising the Products,

17    Defendant sought an unfair advantage over its lawfully acting competitors.

18    **PLAINTIFF'S PURCHASES, RELIANCE, AND INJURY**

19    24.    Plaintiff Sheri Tarvin purchased Olly's Extra Strength Daily Energy, Extra Strength

20    Probiotic, and Extra Strength Elderberry products several times during the Class Period, beginning

21    on or around January 2023. Plaintiff's most recent purchase was in March 2024 from a CVS store

22    located at 3741 Crenshaw Blvd, Los Angeles, CA 90016.

23    25.    In deciding to purchase the Product, Plaintiff read and relied on the dosage

24    information displayed on the front label, which led Plaintiff to believe that each unit of the product

25    contained the advertised dosage. At the time of purchase, Plaintiff did not know that the advertised

26

27    _____

4    https://www.walmart.com/ip/Nature-s-Bounty-Sleep3-Melatonin-10mg-Sleep-Aid-Gummies-

28    Drug-Free-Sleep-Aid-60-Ct/1931338793?adsRedirect=true

1 | dosage was false and misleading, and that more than one gummy unit would need to be consumed
2 | to receive the advertised dosage.

3 | 26. Plaintiff would not have purchased the Products, or would not have paid as much
4 | as she did for them, she known that each gummy contained only a fraction of the advertised dosage.
5 | Plaintiff paid a premium for the Products due to the misleading labelling on the Products'
6 | packaging.

7 | 27. The representations on the Products' label were and are false and misleading, and
8 | had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers
9 | acting reasonably (including the putative Class) because, as described in detail herein, the Product
10 | labels misrepresent the dosage of each gummy or softgel.

11 | 28. Plaintiff acted reasonably in relying on the challenged claims that Defendant
12 | intentionally, prominently, and uniformly placed on the Products' label and packaging with the
13 | intent to induce average consumers into purchasing them.

14 | 29. Plaintiff first discovered Defendant's unlawful acts described herein in May of
15 | 2024 when she learned that Defendant intentionally misrepresented the dosage in the Products that
16 | she purchased.

17 | 30. Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier
18 | Defendant's unlawful acts described herein because the violations were known to Defendant, and
19 | not to her throughout the Class Period herein.

20 | 31. Plaintiff paid more for the Products, and would only have been willing to pay less
21 | or unwilling to purchase them at all, absent the false and misleading labeling statements
22 | complained of herein.

23 | 32. For these reasons, the Products were worth less than what Plaintiff paid for them.

24 | 33. Plaintiff would like to, and would consider, purchasing the Products again when
25 | she can do so with the assurance that the Products' labels are truthful and consistent with the
26 | Products' actual ingredients.

27 | 34. Plaintiff will be unable to rely on the Products' advertising or labeling in the future,
28 | and so will not purchase the Products again although she would like to.

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

1    35.    Plaintiff lost money as a result of Defendant's deceptive claims and practices in

2    that she did not receive what she paid for when purchasing the Products.

3    36.    Plaintiff detrimentally altered her position and suffered damages in an amount equal

4    to the premium she paid for the Products.

5    37.    The senior officers and directors of Defendant allowed the Products to be sold with

6    full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and

7    misleading.

8                              **SUBSTANTIAL SIMILARITY**

9    38.    Defendant's Olly Products described herein are substantially similar, as they each

10   contain (1) a dosage and unit representation conspicuously and prominently placed on the primary

11   display panel of the Products' front labels, and (2) require consumption of two units to obtain the

12   advertised dosage of nutrients.

13   39.    The misleading advertising on the Products' front labels are all the same:

14   consumers are led to believe that each gummy or softgel contains the advertised dosage amount;

15   however, the Products only contain half of the amount of nutrients advertised. Consumers therefore

16   only receive half of the amount of nutrients promised and pay more than what the Products would

17   be worth had Defendant's advertising been true.

18                      **V.    CLASS ACTION ALLEGATIONS**

19   40.    Pursuant to California Code of Civil Procedure Section 382 and California Rules

20   of Court Rule 3.765, Plaintiff seeks class certification of the following Classes (or alternative

21   Classes or Subclasses), for the time period from when the mislabeled Olly products first entered

22   into the stream of commerce until the present ("Class Period"), defined as follows:

23

24   **The Nationwide Class**
     All U.S. citizens who purchased the Products in their respective state of citizenship for
     personal and household use and not for resale during the Class Period.

25

26   **The California Subclass**
     All California citizens who purchased the Products in California for personal and
27   household use and not for resale during the Class Period.

28

15

41. The Class and described in this complaint will be referred to the "Class" unless otherwise stated, and the proposed members of the Class will jointly be referred to as "Class Members."

42. Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

43. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

44. The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Class are numerous. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

45. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Products appropriate with respect to the Class as a whole. In particular, Defendant has failed to disclose the true nature of the Products being marketed as described herein.

46. There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Class and these common questions of fact and law include, but are not limited to, the following:

- Whether Defendant breached any express warranties made to Plaintiff and the Class;
- Whether Defendant breached any implied warranties made to Plaintiff and the

16

1    Class;

2    • Whether Defendant violated consumer protection statutes, false advertising
3      statutes, or state deceptive business practices statutes;

4    • Whether Defendant engaged, and continues to engage, in unfair or deceptive acts
5      and practices in connection with the marketing, advertising, and sales of the
6      Products;

7    • Whether reasonable consumers are likely to be misled by Defendant's advertising
8      and labeling of the Products;

9    • Whether the Products' challenged representations are material representations
10     made to reasonable consumers;

11   • Whether the proposed class is suitable for class certification;

12   • The proper amount of restitution, damages, and punitive damages;

13   • The proper injunctive relief, including a corrective advertising campaign;

14   • The proper amount of attorneys' fees.

15   47.    These common questions of law and fact predominate over questions that affect
16   only individual Class Members.

17   48.    Plaintiff's claims are typical of Class Members' claims because they are based on
18   the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically,
19   all Class Members, including Plaintiff, were subjected to the same misleading and deceptive
20   conduct when they purchased the Products, and suffered economic injury because the Products
21   were and still are misrepresented. Absent Defendant's business practice of deceptively and
22   unlawfully labeling the Products, Plaintiff and Class Members would not have purchased the
23   Products, or would have paid less for them.

24   49.    Plaintiff will fairly and adequately represent and protect the interests of the Class,
25   has no interests incompatible with the interests of the Class, and has retained counsel with
26   substantial experience in handling complex consumer class action litigation. Plaintiff and her
27   counsel are committed to vigorously prosecuting this action on behalf of the Class and have the
28   financial resources to do so.

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

50.     Plaintiff and the members of the Class suffered, and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

51.     Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

52.     Defendant has acted on grounds applicable to the Class, thereby making appropriate final public injunctive and declaratory relief concerning the Class as a whole.

53.     As a result of the foregoing, class treatment is appropriate.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Violations of the Unfair Competition Law,

#### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

#### *(on behalf of the California Class)*

54.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

55.     California's Unfair Competition Law, Business and Professions Code §17200 (the

18

UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

56.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

**Fraudulent**

57.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

58.    As set forth herein, Defendant's claims relating to the Products are likely to mislead reasonable consumers to believe that each gummy or softgel unit in the Products contained the dosage amount advertised on the Products' front labels.

59.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct. Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Defendant, as set forth in the Prayer for Relief.

60.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

61.    Plaintiff also seeks an order for the disgorgement and restitution of the premium received from the sale of the Products the Class Members purchased, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

**Unlawful**

62.    The acts alleged herein are ''unlawful'' under the UCL in that they violate at least the following laws:

- By knowingly and intentionally concealing from Plaintiff and the other Class members that each unit of the Products did not contain the advertised dosage;

19

1    • By misrepresenting the dosage of the Products on the front label;

2    • By engaging in the conduct giving rise to the claims asserted in this complaint;

3    • By violating California Civil Code §§ 1709-1711 by making affirmative
4      misrepresentations about the Products;

5    • By violating California Civil Code §§ 1709-1711 by suppressing material
6      information about the Products;

7    • By violating the California Commercial Code for breaches of express and implied
8      warranties;

9    • By violating California's Sherman Act, Cal. Health & Safety Code § 110390, which
10     prohibits drug and cosmetics labelling that is "false or misleading in any
11     particular";

12   • By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.;

13   • By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

14   63.    Such conduct is ongoing and continues to this date.

15   64.    Plaintiff and the Class reserve the right to allege other violations of law, which
16   constitute other unlawful business acts or practices.

17                                **Unfair**

18   65.    Defendant's acts, omissions, misrepresentations, practices and nondisclosures as
19   alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL
20   in that its conduct is substantially injurious to consumers, offends public policy, and is immoral,
21   unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged
22   benefits attributable to such conduct. In the alternative, Defendant's business conduct as described
23   herein violates relevant laws designed to protect consumers and businesses from unfair
24   competition in the marketplace. Such conduct is ongoing and continues to date.

25   66.    Defendant's conduct with respect to the labeling, advertising, and sale of the
26   Products was and is also unfair because it violates public policy as declared by specific
27   constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal
28   Remedies Act, the False Advertising Law, and portions of the California Sherman Food, Drug,

                                      20

                    *Tarvin v. Olly Public Benefit Corporation*
                         CLASS ACTION COMPLAINT

1    and Cosmetic Law.

2         67.    Defendant's conduct with respect to the labeling, advertising, and sale of the

3    Products was and is also unfair because the consumer injury was substantial, not outweighed by

4    benefits to consumers or competition, and not one consumers themselves could reasonably have

5    avoided.

6         68.    Defendant profited from its sale of the falsely, deceptively, and unlawfully

7    advertised and packaged Products to unwary consumers.

8         69.    Plaintiff and Class Members are likely to continue to be damaged by Defendant's

9    deceptive trade practices, because Defendant continues to disseminate misleading information on

10   the Products' packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices

11   is proper.

12        70.    There were reasonably available alternatives to further Defendant's legitimate

13   business interests, other than the conduct described herein.

14        71.    Class-wide reliance can be inferred because Defendant's misrepresentations were

15   material, i.e., a reasonable consumer would consider them important in deciding whether to buy

16   the Products.

17        72.    Defendant's misrepresentations were a substantial factor and proximate cause in

18   causing damages and losses to Plaintiff and Class members.

19        73.    Plaintiff and the Class were injured as a direct and proximate result of Defendant's

20   conduct because (a) they would not have purchased the Products if they had known the truth and

21   (b) they overpaid for the Products because the Products are sold at a price premium due to the

22   misrepresentations.

23                          **SECOND CAUSE OF ACTION**

24                       **Violations of the False Advertising Law,**

25                      **Cal. Bus. & Prof. Code §§ 17500, *et seq.***

26                         ***(on behalf of the California Class)***

27        74.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if

28   set forth herein.

                                        21

75.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" Cal. Bus. & Prof. Code § 17500.

76.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

77.     As alleged herein, Defendant falsely advertised the Products by falsely representing that each unit of the Products contained the advertised dosage, when in fact, a consumer would need to take two or more units to achieve the advertised dosage.

78.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance on Defendant's false and misleading labeling claims that each unit of the Products contained the advertised dosage.

79.     Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

80.     Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

81.     As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

82.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth herein.

**THIRD CAUSE OF ACTION**

22

**Violations of the Consumer Legal Remedies Act,**

**Cal. Civ. Code §§ 1750,** *et seq.*

*(on behalf of the California Class)*

83.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

84.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

85.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

- § 1770(a)(5): Representing that goods have characteristics, uses, or benefits which they do not have;
- § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another; and
- § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

86.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

87.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

88.     On May 24, 2024, Plaintiff sent a notice letter to Defendant's principal place of business which complies with California Civil Code § 1782(a). Plaintiff sent Defendant individually and on behalf of the proposed Class, a letter via Certified Mail, demanding that Defendant rectify the actions described above by providing injunctive and monetary relief to all affected consumers.

89.     More than thirty days have passed since Plaintiff sent Defendant a CLRA letter and

23

Defendant has failed to take the corrective action described in Plaintiff's letter. Wherefore, Plaintiff seeks damages, restitution, injunctive relief, punitive damages, and attorneys' fees and costs for Defendant's violations of the CLRA.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties,

### Cal. Com. Code § 2313

90.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

91.     Through the Products' label and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

92.     The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned the allegation that Defendant misrepresented the dosage of each unit of the Products.

93.     These representations had an influence on consumers' decisions in purchasing the Products.

94.     Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Products. Plaintiff and the Class members relied on the representations when purchasing Defendant's Products.

95.     Defendant breached the express warranties by selling Products with false and misleading advertised dosage amounts.

96.     That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Products.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties

### Cal. Com. Code § 2314

97.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if

24

set forth in full herein.

98.    Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, misrepresented the dosage amount of the Products to Plaintiff and the Class.

99.    Plaintiff and the Class purchased the Products manufactured, advertised, and sold by Defendant, as described herein.

100.    Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

101.    However, Defendant breached that implied warranty in that the Products did not contain the represented dosage in each unit of the Products, and instead, a person would need to ingest two gummies or softgels to achieve the advertised dosage.

102.    As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Products did not conform to promises and affirmations made on the label of the Products.

103.    Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' price premium.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

104.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

105.    Defendant· had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

106.    During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and

characteristics of the Products, including the amount of nutrients contained in each gummy or softgel.

107.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price.

108.    Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for Products that contained substantially less milligrams or micrograms per unit than advertised.

109.    Plaintiff and Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

110.    Plaintiff and Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

111.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

112.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

113.    During the applicable Class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the dosage amount of each gummy or softgel. These representations were material and were uniformly made.

114.    As noted in detail above, these representations were false and misleading, as each unit of the Products contained only a fraction of the advertised dosage. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

26

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

115. Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

116. Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay more for a product if they believed they were receiving a higher dosage than that of competitors' lawfully labeled products. For that reason, Defendant misrepresented the dosage of its Products so that Defendant could realize greater profits. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products.

117. Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

118. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

119. Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

120. As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

121. Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### Quasi-Contract/ Unjust Enrichment

122. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

123. As alleged in detail above, Defendant's false and misleading labelling caused

27

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

1    Plaintiff and the Class to purchase the Products at a premium.

2        124.    In this way, Defendant received a direct and unjust benefit, at Plaintiff and the
3    Class's expense.

4        125.    It would be unjust and inequitable for Defendant to retain the above-mentioned
5    benefits. For example, Defendant was only able to charge a premium for the Products by
6    intentionally withholding information from Plaintiff, or otherwise misrepresenting the Products'
7    qualities.

8        126.    Plaintiff and the Class seek restitution.

9                    **VII.    PRAYER FOR RELIEF**

10       127.    Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the
11   general public, prays for judgment against Defendant as follows:

12           • For an order certifying this action as a class action, appointing Plaintiff as the Class
13              Representative, and appointing Plaintiff's Counsel as Class Counsel;

14           • For an order declaring that Defendant's conduct violates the statutes and laws
15              referenced herein, consistent with applicable law and pursuant to only those causes
16              of action so permitted;

17           • For an order awarding monetary compensation in the form of damages, restitution,
18              and/or disgorgement to Plaintiff and the Class, consistent with permissible law and
19              pursuant to only those causes of action so permitted;

20           • For an order awarding punitive damages, statutory penalties, and/or monetary fines,
21              consistent with permissible law and pursuant to only those causes of action so
22              permitted;

23           • For an order awarding attorneys' fees and costs, consistent with permissible law
24              and pursuant to only those causes of action so permitted;

25           • For an order awarding pre-judgment and post-judgment interest, consistent with
26              permissible law and pursuant to only those causes of action so permitted; and

27           • For such other and further relief as the Court deems just and proper.

28                        **JURY DEMAND**

                              28

                *Tarvin v. Olly Public Benefit Corporation*
                    CLASS ACTION COMPLAINT

1    Plaintiff hereby demands a trial by jury on all issues so triable.

2

3

4    Dated: June 24, 2024                    **LAW OFFICES OF RONALD A. MARRON**

5

6                                            /s/ *Ronald A. Marron*
                                             Ronald A. Marron
7
                                             **LAW OFFICES OF RONALD A. MARRON**
8                                            RONALD A. MARRON
                                             *ron@consumersadvocates.com*
9                                            LILACH HALPERIN
                                             *lilach@consumersadvocates.com*
10                                           651 Arroyo Drive
                                             San Diego, California 92103
11                                           Telephone: (619) 696-9006
                                             Facsimile: (619) 564-6665
12                                           ***Counsel for Plaintiff and the Proposed Class***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Tarvin v. Olly Public Benefit Corporation*
CLASS ACTION COMPLAINT

## **Venue Affidavit**

I, Sheri Tarvin, declare as follows:

1. I am a Plaintiff in this action. I make this affidavit pursuant to California Civil Code section 1780(d).

2. The Complaint in this action is filed in a proper place for the trial of this action because Defendant conducts business in this county.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: _05/31/24_____          _Sheri Tarvin (May 31, 2024 12:40 PDT)_____

                                                            Sheri Tarvin

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ronald A. Marron (SBN 175650) Law Offices of Ronald A. Marron 651 Arroyo Drive San Diego, CA 92103 | Electronically FILED by Superior Court of California, County of Los Angeles 6/24/2024 12:16 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk |

TELEPHONE NO.: 619-696-9006    FAX NO.: 619-564-6665
EMAIL ADDRESS: ron@consumersadvocates.com
ATTORNEY FOR (Name): Plaintiff, Sheri Tarvin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles CA 90012
 BRANCH NAME: Stanley Mosk - Unlimited Civil

CASE NAME:
 Tarvin v. Olly Benefit Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24STCV15715 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 24, 2024
Ronald A. Marron
_____           ▶  *Ronald A. Marron* _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear. This Form button after you have printed the form.

[ Print this form ] [ Save this form ]    [ Clear this form ]

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tarvin v. Olly Public Benefit Corporation | 24STCV15715 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tarvin v. Olly Public Benefit Corporation | |

| | | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tarvin v. Olly Public Benefit Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tarvin v. Olly Public Benefit Corporation | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Tarvin v. Olly Public Benefit Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/24/2024                    _Ronald A. Marr_ _____
                                     (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/24/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24STCV15715 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on _06/24/2024_____                                    By _J. Nunez_____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

<u>**What is ADR?**</u>
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

<u>**Advantages of ADR**</u>
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

<u>**Disadvantages of ADR**</u>
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

<u>**Main Types of ADR**</u>
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
<br>                  (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                                      (ATTORNEY FOR DEFENDANT)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                                      (ATTORNEY FOR DEFENDANT)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                                      (ATTORNEY FOR DEFENDANT)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                    (ATTORNEY FOR _____)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                    (ATTORNEY FOR _____)

Date:

_____
        (TYPE OR PRINT NAME)            ➤    _____
                    (ATTORNEY FOR _____)

[ Print ]    [ Save ]                               [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       iii.   Be filed within two (2) court days of receipt of the Request; and

       iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ _____)

| Print | Save |        | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                          JUDICIAL OFFICER

Print     Save                                          Clear

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: *May 11, 2011*

5                                            Carolyn B. Kuhl, Supervising Judge of the
6                                            Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2     Electronic filing service providers must obtain and manage registration information for persons

3     and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5     a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6        technologically feasible without impairment of the document's image.

7     b) The table of contents for any filing must be bookmarked.

8     c) Electronic documents, including but not limited to, declarations, proofs of service, and

9        exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10       3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11       item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12       bookedmarked item and briefly describe the item.

13    d) Attachments to primary documents must be bookmarked.  Examples include, but are not

14       limited to, the following:

15       i)    Depositions;

16       ii)   Declarations;

17       iii)  Exhibits (including exhibits to declarations);

18       iv)   Transcripts (including excerpts within transcripts);

19       v)    Points and Authorities;

20       vi)   Citations; and

21       vii)  Supporting Briefs.

22    e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23       encouraged.

24    f) Accompanying Documents

25       Each document acompanying a single pleading must be electronically filed as a **separate**

26       digital PDF document.

27    g) Multiple Documents

28       Multiple documents relating to one case can be uploaded in one envelope transaction.

---

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1    h)  Writs and Abstracts

2        Writs and Abstracts must be submitted as a separate electronic envelope.

3    i)  Sealed Documents

4        If and when a judicial officer orders documents to be filed under seal, those documents must be

5        filed electronically (unless exempted under paragraph 4); the burden of accurately designating

6        the documents as sealed at the time of electronic submission is the submitting party's

7        responsibility.

8    j)  Redaction

9        Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to

10       redact confidential information (such as using initials for names of minors, using the last four

11       digits of a social security number, and using the year for date of birth) so that the information

12       shall not be publicly displayed.

13   7)  ELECTRONIC FILING SCHEDULE

14       a)  Filed Date

15           i)   Any document received electronically by the court between 12:00 am and 11:59:59 pm

16                shall be deemed to have been effectively filed on that court day if accepted for filing.  Any

17                document received electronically on a non-court day, is deemed to have been effectively

18                filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code

19                Civ. Proc. § 1010.6(b)(3).)

20           ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due

21                course because of: (1) an interruption in service; (2) a transmission error that is not the

22                fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may

23                order, either on its own motion or by noticed motion submitted with a declaration for Court

24                consideration, that the document be deemed filed and/or that the document's filing date

25                conform to the attempted transmission date.

26   8)  EX PARTE APPLICATIONS

27       a)  Ex parte applications and all documents in support thereof must be electronically filed no later

28           than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

Case 2:24-cv-06261-AH-PD    Document 1-2    Filed 07/24/24    Page 64 of 65   Page ID
#:78

1     b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2         day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3         application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5     a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6         be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7         the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8         by 10:00 a.m. the next business day.

9     b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10        electronic submission) is required for the following documents:

11       i)    Any printed document required pursuant to a Standing or General Order;

12       ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13           pages or more;

14       iii)  Pleadings and motions that include points and authorities;

15       iv)  Demurrers;

16       v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi)  Motions for Summary Judgment/Adjudication; and

18       vii)  Motions to Compel Further Discovery.

19     c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20        additional documents.  Courtroom specific courtesy copy guidelines can be found at

21        www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23     a) Fees and costs associated with electronic filing must be waived for any litigant who has

24        received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25        1010.6(d)(2).)

26     b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27        section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28        electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3     Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4     Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                    KEVIN C. BRAZILE

11                                                            Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL